# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:08-CR-11-TLS |
| HARVEY R. FIELDS, JR. | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Withdraw [ECF No. 118], filed by Attorney Thomas N. O'Malley on March 27, 2019, and on Defendant Harvey R. Fields, Jr.'s pro se Motion for Reduction in Sentence Pursuant to First Step Act of 2018 [ECF No. 123], filed on April 22, 2019. A Government's Opposition to Pro Se Motion for Reduction in Sentence Pursuant to First Step Act of 2018 [ECF No. 124] was filed on May 2, 2019.

In his motion, the Defendant asks for a reduction in his sentence pursuant to Section 404 of the First Step Act of 2018, asserting that his total offense level is 29 rather than 31. Attorney O'Malley represents in his motion to withdraw appearance that, based on the Addendum to the Presentence Report filed by the United States Probation Office on March 14, 2019 (ECF No. 117), the Defendant does not qualify for relief under the First Step Act. In its opposition brief, the Government agrees that the First Step Act does not afford the Defendant relief because the amount of drugs involved in the count of conviction subjects the Defendant to the same statutory penalty under the Fair Sentencing Act. For the reasons set forth below, the Court denies the Defendant's Motion for Reduction in Sentence and grants Attorney O'Malley's Motion to Withdraw.

Section 404 of the First Step Act permits a court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—

the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, i.e., certain crack cocaine offenses. *See* First Step Act, § 404(a); *see also Dorsey v. United States*, 567 U.S. 260, 269 (2012) (noting that the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum").[1]

The Defendant's offense of possession with intent to distribute 5 or more grams of cocaine base "crack" in violation of 21 U.S.C. § 841(a)(1), charged in Count 1 of the Indictment, was committed on January 19, 2008. The Defendant was sentenced on August 25, 2009.[2] At the time of sentencing, the Defendant's Criminal History Category was VI and his total offense level was 31, resulting in a guidelines range of 188 to 235 months of imprisonment. The Court imposed a sentence of 197 months of imprisonment to be followed by the required 4-year term of supervised release.

Because the Defendant was convicted of a "covered offense" under Section 404 of the First Step Act and because the Defendant was sentenced prior to August 3, 2010, the new guideline calculations under the Fair Sentencing Act are applicable. Nevertheless, under the new

---

[1] In his motion, the Defendant incorrectly states that the Fair Sentencing Act of 2010 raised the quantity of cocaine base necessary to trigger the 5-year minimum sentence under 21 U.S.C. § 841(b)(1)(B) from "'5 grams' to '50 grams.'" (Mot. for Reduction in Sentence Pursuant to First Step Act of 2018, at 2, ECF No. 123.)

[2] The Defendant's motion incorrectly represents that he was sentenced on March 11, 2002. *See id*. at 1.

guideline calculations, the Defendant's total offense level remains 31. This is because the amount of drugs involved in the count of conviction is more than 28 grams, and, therefore, the statutory penalty of 5 to 40 years of imprisonment set forth in 21 U.S.C. § 841(b)(1)(B) still applies.

The Defendant argues that his total offense level should be reduced from 31 to 29, citing U.S.S.G. §§ 4B1.1(b), (c). He is incorrect. Because the statutory maximum for the Defendant's offense under 21 U.S.C. § 841(b)(1)(B) is "25 years or more," as a career offender, the Defendant's offense level is 34. *See* U.S.S.G. § 4B1.1(b). With a 3-level reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a), (b), the total offense level is 31. This offense level of 31, combined with the Defendant's Criminal History Category of VI, again results in a guideline range of 188 to 235 months of imprisonment. The mandatory minimum term of supervised release remains four years. *See* 18 U.S.C. § 841(b)(1)(B).

It appears that the Defendant erred by calculating the offense level based on 21 U.S.C. § 841(b)(1)(C), which has a lower statutory maximum and would result in a lower offense level for a career offender. *See* (Mot. for Reduction in Sentence Pursuant to First Step Act of 2018, at 3.); U.S.S.G. § 4B1.1(b). However, the Defendant's sentence is governed by § 841(b)(1)(B), not § 841(b)(1)(C). Therefore, Section 404 of the First Step Act does not support a reduction in the Defendant's sentence.

Additionally, the execution of sentences and the computation of jail time is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the BOP. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). Nothing in the First Step Act transfers that authority to the courts. *See, e.g.*, 18 U.S.C. § 3642 (setting forth the duties of the Bureau of Prisons as it pertains to prerelease custody). Accordingly, the

Court cannot discern any basis for the Defendant to receive relief from the Court under the First Step Act.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Reduction in Sentence Pursuant to First Step Act of 2018 [ECF No. 123]. The Court further GRANTS the Motion to Withdraw [ECF No. 118], and the appearance of Attorney Thomas N. O'Malley on behalf of the Defendant in this case is hereby withdrawn.

SO ORDERED on June 5, 2019.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT