UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:08-CR-11-TLS |
| HARVEY R. FIELDS, JR. | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Amended Motion for Reconsideration Under Section 404(b) of the First Step Act [ECF No. 134], filed on January 10, 2020. The Defendant argues that he is eligible for a sentencing reduction because he was convicted of a crime that occurred prior to August 3, 2010, and was convicted under a statute for which the statutory penalty was reduced by the Fair Sentencing Act. The Government agrees that the Defendant is eligible for a sentence reduction and requests the Court to impose a sentence of 158 months imprisonment and three years of supervised release. The Court notes that the imposition of such a term of imprisonment would result in a sentence of time served. For the reasons set forth below, the Court finds that the Defendant is eligible to be considered for a reduced sentence under Section 404(b) of the First Step Act and finds, in its discretion, that the § 3553(a) factors and the Defendant's post-sentencing conduct warrant a reduction in his sentence. Therefore, the Court GRANTS the Defendant's motion and reduces the Defendant's term of imprisonment to 158 months, at time served, and his term of supervised release to 3 years.

## BACKGROUND

On February 27, 2008, a four-count Indictment [ECF No. 1] was filed charging the Defendant with drug related offenses. On April 9, 2009, the Defendant pled guilty to Count I of the Indictment, charging him with knowingly and intentionally possessing with intent to distribute controlled substances including five grams or more of a mixture and substance

containing a detectable amount of cocaine base ("crack cocaine"). *See* ECF No. 43. The Court, on August 25, 2009, sentenced the Defendant to 197 months imprisonment and four years of supervised release. *See* ECF No. 50.

The Defendant then appealed this Court's judgment. *See* ECF Nos. 53, 56. However in its Final Judgment [ECF No. 63], the United States Court of Appeals for the Seventh Circuit affirmed the decision of the Court. The Defendant filed a Motion for Reduction in Sentence Pursuant to First Step Act of 2018 [ECF NO. 123], which was denied by the Court on June 5, 2019. *See* ECF No. 125. The Court denied a subsequent pro se Motion to Reconsider its denial of the Defendant's prior Motion for Reduction in Sentence but referred this matter to the Federal Community Defenders to consider representing the Defendant with respect to any pursuit of a motion to reconsider the Court's June 5, 2019 ruling in light of developing case law. *See* ECF Nos. 127, 131.

On January 10, 2020, the Defendant, by counsel, filed the instant Amended Motion for Reconsideration Under Section 404(b) of the First Step Act [ECF No. 134]. In his motion, the Defendant requests that the Court sentence him to a reduced sentence of 160 months. Am. Mot. for Recons. Under Section 404(b) of the First Step Act 18, ECF No. 134. The Court ordered the briefing on the Defendant's motion stayed on January 27, 2020 [ECF No. 139], anticipating the Seventh Circuit's decision in *United States v. Shaw*.

On May 13, 2020, the Government filed a Notice [ECF No. 141], informing the Court that the Seventh Circuit rendered a decision in *United States v. Shaw*, in which the Seventh Circuit held that, in determining "whether a defendant is eligible for a reduced sentence under the First Step Act, a count needs to look only at a defendant's statute of conviction, not to the quantities of crack involved in the offense." Notice 1 (quoting *United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020)), ECF No. 141. On May 26, 2020, the Government filed its Agreement

to Sentence Reduction [ECF No. 142], in which it agreed that, based on the Seventh Circuit's decision in *United States v. Shaw*, the Court should impose a reduced sentence of 158 months of imprisonment, at time served, accompanied by three years of supervised release. The Defendant, on May 28, 2020, filed a Response to Government's Agreement to a Sentence Reduction [ECF No. 143], agreeing with the Government. The Court, having reviewed the above-described filings, is prepared to rule on the pending motion.

## DISCUSSION

The Defendant seeks a reduction in his sentence based on Section 404(b) of the First Step Act, which was signed into law on December 21, 2018. The Defendant was sentenced on August 25, 2009, under the Anti-Drug Abuse Act of 1986, 100 Stat. 2307. At the time, the penalties for crack cocaine offenses treated one gram of crack cocaine as the equivalent of 100 grams of powder cocaine, referred to as the 100-to-1 ratio. *See Kimbrough v. United States*, 552 U.S. 85, 96 (2007). The Defendant's penalty on Count 1 was set forth in 21 U.S.C. § 841(b)(1)(B), which applied to an offense involving 5 grams or more of crack cocaine and triggered a statutory term of imprisonment of 5 to 40 years and 4 years of supervised release.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), which lowered the 100-to-1 ratio to 18-to-1. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). To achieve this end, Section 2 of the Fair Sentencing Act modified the statutory penalties for crack cocaine offenses by increasing the amount of crack cocaine necessary to support the statutory range for convictions under 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 841(b)(1)(B). *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). The threshold quantity of crack cocaine required to trigger the penalties under § 841(b)(1)(A) increased from 50 grams to 280 grams, and the threshold quantity of crack cocaine required to trigger the penalties under § 841(b)(1)(B) increased from 5 grams to 28 grams. *See* Pub. L. No. 111-220, § 2, 124 Stat.

2372; *see also Dorsey*, 567 U.S. at 269. For example, an individual previously convicted of possessing more than 5 grams of crack cocaine faced a 5-year mandatory minimum under § 841(b)(1)(B); however, now an individual would have to possess more than 28 grams of crack cocaine to be subject to the same mandatory minimum. The Fair Sentencing Act did not provide relief to defendants who were sentenced prior to its enactment; however, the Supreme Court held in 2012 that the Fair Sentencing Act applied to any defendant sentenced on or after August 3, 2010, for offenses committed before that date. *See Dorsey*, 567 U.S. at 273, 282.

On December 21, 2018, Congress enacted the First Step Act, which permits "[a] court that imposed a sentence for a covered offense" to now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404(b) (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 . . . of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Thus, the First Step Act of 2018 makes Section 2 of the Fair Sentencing Act retroactive. Section 404(c) sets out two instances in which a court may not consider a motion for a reduced sentence: if the sentence was already imposed or reduced under the Fair Sentencing Act or if a court has already denied a motion made under Section 404 after a complete review of the motion on the merits. First Step Act, § 404(c). Finally, "[n]othing in [Section 404] shall be construed to require a court to reduce any sentence pursuant to this section." *Id.*

A.      **Eligibility—Section 404(a)**

A defendant is eligible for a reduced sentence under Section 404(b) if he was sentenced for a "covered offense," defined in Section 404(a) as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . ,

4

that was committed before August 3, 2010." First Step Act, § 404(a), (b). The Defendant was found guilty of Count 1 of the Indictment, which charged him with possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The Defendant committed the offense in 2008 and was sentenced in 2009.

The Defendant argues that he is eligible for relief because the statutory penalty for a violation involving 5 grams of crack cocaine—his offense of conviction—was modified by Section 2 or 3 of the Fair Sentencing Act. The Defendant makes this argument despite the Presentence Investigation Report reflecting that he was responsible for 36.5 grams of crack cocaine. The Government, citing the Seventh Circuit's decision in *United States v. Shaw*, agrees with the Defendant.

In *United States v. Shaw*, the United States Court of Appeals for the Seventh Circuit addressed whether courts must consider the defendant's statute of conviction or the actual drug quantity when determining a defendant's eligibility for a sentence reduction under the First Step Act. 957 F.3d at 735. The Seventh Circuit held that "a court needs to look only at a defendant's statute of conviction, not to the quantities of crack involved in the offense." *Id.* As such, for purposes of eligibility under the First Step Act, the Defendant will only be held responsible for the 5 grams of crack cocaine he was charged with in Count 1 of the Indictment.

In this case, the Fair Sentencing Act modified the statutory penalty for the Defendant's offense. His original statutory penalty was governed by 21 U.S.C. § 841(b)(1)(B) for an offense involving 5 grams or more of crack cocaine, and the statutory penalty range was 5 to 40 years with 4 years of supervised release. Now, the Defendant is held responsible only for the 5 grams of crack cocaine he was charged with in Count 1, which is less than the 28 grams now necessary to trigger the penalties in 21 U.S.C. § 841(b)(1)(B). As a result, the applicable statutory penalty

5

of not more than 20 years imprisonment and 3 years of supervised release in 21 U.S.C. § 841(b)(1)(C) now applies.

Therefore, the Defendant is eligible under Section 404(b) to be considered for a reduced sentence. He meets the requirement that his offense be committed before August 3, 2010, as he committed the crack cocaine offense in 2008, and his statutory penalty was modified by the Fair Sentencing Act, with the lower penalties set forth in § 841(b)(1)(C) now being applicable.

**B.     Relief—Section 404(b)**

Courts have limited grounds to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). One such scenario exists, as with the First Step Act, when "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.* § 3582(c)(1)(B). A court deciding whether to impose a reduced sentence under Section 404 may consider the revised statutory range under the Fair Sentencing Act, the guideline range, the factors in 18 U.S.C. § 3553(a), and evidence of post-sentencing mitigation. *See, e.g.*, *United States v. Garrett*, No. 1:03-CR-62, 2019 WL 2603531, at *3 (S.D. Ind. June 25, 2019) (quoting *United States v. Bean*, No. 1:09-CR-143, 2019 WL 2537435, at *5–6 (W.D. Mich. June 20, 2019)); *United States v. Shelton*, Cr. No. 3:07-329, 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019). Whether to reduce the sentence is left to the Court's discretion. As previously explained, the parties agree that the Defendant's term of imprisonment should be reduced to 158 months imprisonment, at time served, and his term of supervised release should be reduced from 4 years to 3 years.

First, the retroactive application of the Fair Sentencing Act reduces the Defendant's original statutory penalty range of 5 to 40 years imprisonment and 4 years of supervised release under § 841(b)(1)(B) to a maximum of 20 years imprisonment and 3 years of supervised release under § 841(b)(1)(C). Notably, there is no longer a five-year mandatory minimum term of

6

imprisonment. The Defendant's original sentence of 197 months was above the 5-year statutory mandatory minimum. The sentence of 197 months is also below the new statutory maximum penalty of twenty years imprisonment under § 841(b)(1)(C). However, the Court recognizes that the significant reduction in the statutory penalty range under the Fair Sentencing Act, with the elimination of a mandatory minimum term of imprisonment and a 20-year decrease in the maximum term of imprisonment for the Defendant's offense, reflects "Congress's judgment that shorter prison sentences adequately reflect the seriousness of crack cocaine offenses . . . ." *Garrett*, 2019 WL 2603531, at *3 (quoting *United States v. Biggs*, No. 05 CR 316, 2019 WL 2120226, at *4 (N.D. Ill. May 15, 2019)).

Originally, the Defendant's Total Offense Level, which considered his career offender status, was 31. Revised Addendum to the Presentence Report 2, ECF No. 145. By considering both the Defendant's Total Offense Level and his Criminal History Category of VI, the Court concluded that the applicable sentencing guideline range was 188 to 235 months. *Id.* Pursuant to the First Step Act and in consideration of Amendment 782, United States Sentencing Guideline § 1B1.10, and 18 U.S.C. § 3582(c)(2), the Defendant's Total Offense Level is reduced to 29, which results in a guidelines range of 151 to 188 months. Not only has the Defendant's guideline range been lowered, the Defendant's previously imposed sentence now falls outside of the reduced guidelines range.

Of course, eligibility for a reduced sentence under the First Step Act is not conditioned on a lowered guideline range. *Garrett*, 2019 WL 2603531, at *3; *Shelton*, 2019 WL 1598921, at *2. Because the First Step Act is the statutory basis for relief under 18 U.S.C. § 3582(c)(1)(B), the limitations of 18 U.S.C. § 3582(c)(2) related to Sentencing Commission guideline reductions are inapplicable. *See United States v. Boulding*, 379 F. Supp. 3d 646, 653 (W.D. Mich. 2019). Where a statute places no restriction on the factors a court may consider in imposing a reduced sentence,

7

the Court may consider all relevant § 3553(a) factors. *See, e.g.*, *Pepper v. United States*, 562 U.S. 476, 489–90 (2011). This includes post-sentencing conduct. *Id*. at 491 (explaining that post-sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors, which bear directly on the court's duty to impose a reduced sentence that is sufficient, but not greater than necessary, to serve the purposes of sentencing).

In this case, the Defendant has been in federal custody since March 3, 2008. *See* Order of Detention Pending Trial, ECF No. 10. Thus, he has been incarcerated for over twelve years. The Defendant was 30 years old when he began serving his sentence and is currently 42 years old. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited June 2, 2020). With the Defendant's Motion, the Court considers evidence of the Defendant's post-sentencing mitigation in the form of his record during his time in the Bureau of Prisons (BOP). In the twelve years that he has been in custody, the Defendant has only been sanctioned for three disciplinary incidents—for giving/accepting money without authorization, fighting, and possession of a non-hazardous tool—with two of those incidents occurring over seven years ago. *See* Revised Addendum to the PSR 3. In addition, notwithstanding the length of his sentence, the Defendant has also participated in numerous educational, fitness, and wellness classes. *See id.* The Court finds that the Defendant's significant and positive post-sentencing conduct supports a reduction as permitted under the First Step Act.

As set forth above, the Court has considered the Defendant's offense of conviction, the change in statutory penalty, the guideline range, the § 3553(a) factors, the Defendant's exemplary conduct since incarceration, and other post sentencing conduct. Having now considered the parties' arguments and the sentencing factors of § 3553(a), the Court will reduce the Defendant's sentence to 158 months imprisonment, at time served, with 3 years of supervised

release to follow, which is sufficient but not greater than necessary to accomplish the sentencing goals in § 3553(a).

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS:

1.  The Defendant's Amended Motion for Reconsideration Under Section 404(b) of the First Step Act [ECF No. 134] is GRANTED;

2.  An amended judgment be entered reducing the Defendant's sentence to 158 months imprisonment, at time served, and 3 years of supervised release;

3.  The provisions of the Defendant's judgment of August 25, 2009, shall otherwise remain unchanged;

4.  This Opinion and Order, as well as the Amended Judgment, be provided to the Bureau of Prisons; and

5.  It now being determined by this Court that the Defendant's sentence is at time served, given the circumstances involving the ongoing COVID-19 pandemic and national emergency, the Defendant will be required to enter quarantine within the BOP for not more than fourteen (14) days from the receipt and review of this Opinion and Order, or such time period as is otherwise currently required under the BOP's COVID-19 protocol for the safe discharge and release of the Defendant into the community.

SO ORDERED on June 11, 2020.

                                         s/ Theresa L. Springmann  
                                         JUDGE THERESA L. SPRINGMANN  
                                         UNITED STATES DISTRICT COURT